IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CLIFTON WAYNE RIDGEWAY                                                                 PLAINTIFF

v.                                    Case No. 2:12-CV-02159

CALFRAC WELL SERVICES CORPORATION                                         DEFENDANT

## AGREED PROTECTIVE ORDER

Before the Court is Defendant Calfrac Well Services Corporation's Motion for Agreed Protective Order (Doc. 11), which is hereby **GRANTED**. Based on the agreement of the parties and pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

The parties in this case, Clifton Wayne Ridgeway (the "plaintiff") and Calfrac Well Services Corporation ("Calfrac") by and through their counsel, request and agree to entry of the following Protective Order. Entry of this Order is requested pursuant to an agreement between the parties and is intended to cover documents and other materials produced to the plaintiff by Calfrac that are deemed proprietary and confidential. The terms of the requested Protective Order are as follows:

1. <u>Disclosure or Sharing of Confidential Information</u>: Absent written agreement by Calfrac, or order of this Court, no Confidential Information shall be disclosed except to Permitted Persons (as defined below). Confidential Information shall be disclosed to Permitted Persons only pursuant to terms of this Order. Any Confidential Information shall be disclosed to and used only by Permitted Persons.

2. Documents produced by Calfrac to which this Protective Order is applicable shall be stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".

3. "Permitted Person" shall mean:

   a. Counsel for the parties who are actively engaged in the conduct of this litigation and to their staff to the extent reasonably necessary to render professional services in this litigation;

   b. Experts or consultants retained by counsel for the parties (together with their associates, assistants, and other personnel employed directly by such experts or consultants) who agree to be bound by the terms of this Order;

   c. The parties to this lawsuit;

   d. Court reporters engaged for any deposition or examination at which Confidential Information is discussed or Documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" are produced;

   e. The Court and Court personnel;

   f. A witness at trial during a deposition or other court proceeding. Such deponents and witnesses may be shown "Confidential" materials during their deposition or examination at court hearings or trial but shall not be permitted to keep copies of said "Confidential" materials or any portion of the deposition or trial transcript reflecting the Confidential Information.

   g. Such other person as may be agreed to by written consent of the parties or by order of the Court.

4. The information covered under this Protective Order shall be used only for the purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No

individual shall use any of the information to the detriment of Calfrac or for any other business or financial benefit of the individual.

5. <u>Confidentiality Agreement</u>:  Prior to giving possession of any Confidential Information to any Permitted Person, counsel for the party or entity making such disclosure shall provide the Permitted Person with a copy of this Order and obtain the Permitted Person's written acknowledgement that he or she has carefully read the Order and agrees to be bound by the terms of the Order, and such counsel shall maintain copies of such written acknowledgement and provide copies to Calfrac upon request.  Further, as to depositions of persons not employed by Calfrac in which counsel for the party makes as an exhibit any of the documents designated as confidential, counsel for the party shall advise the deponent of the Confidentiality Agreement and obtain his or her agreement under oath not to duplicate any of the documents attached to the deposition transcript.  The parties are authorized to use Confidential Information as exhibits to any filing with the Court or in an addendum to any appeal, subject to the other provisions of this Protective Order.

6. <u>Safekeeping of Confidential Information</u>:  All Confidential Information shall be maintained in a manner to ensure that it is not disclosed other than to Permitted Persons.

7. <u>No waiver</u>:  Nothing contained herein shall be construed as a waiver of Calfrac's right to refuse to disclose Confidential Information on any other grounds available under applicable law.

8. <u>Attorneys Bound</u>:  Counsel for the parties bound hereby acknowledge that they are also bound hereby and agree to submit to the jurisdiction of this Court for purposes of enforcing this Order.

9. <u>Return of Confidential Information</u>:  Within one hundred twenty (120) days after filing a conclusion of all aspects of the litigation of the referenced case, all Confidential Information produced under this Order shall be returned to Calfrac or destroyed, at the option of Calfrac.

10. <u>Other Actions</u>:  This Order prohibits any party other than Calfrac from disclosing any Confidential Information produced hereunder if such information is sought in a legal proceeding other than the instant case.  In the event that Confidential Information is subpoenaed or otherwise sought in such a legal proceeding, the party from whom the Confidential Information is sought shall notify Calfrac as soon as reasonably practicable and shall provide Calfrac sufficient opportunity to object to such request.  The party from whom the Confidential Information is sought shall object to its production and advise that the Confidential Information is subject to a Protective Order.  Counsel for the parties in this matter may not use any Confidential Information obtained hereunder as evidence in any matter other than the instant case.

11. <u>Survival</u>:  The terms and obligations of this order shall survive and remain in full force after the termination of this case.  The Court shall retain jurisdiction to determine any issues arising from the terms of this Order.

IT IS SO ORDERED this 22nd day of April, 2013.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE